Filed 1/11/16  P. v. Cervantes CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>MANUEL CERVANTES,<br><br>    Defendant and Appellant. | D068250<br><br><br>(Super. Ct. No. SRD1512) |

APPEAL from an order of the Superior Court of San Diego County,

David M. Gill, Judge.  Affirmed.


Law Offices of Robert D. Salisbury and Robert D. Salisbury, for Defendant and

Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney

General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland and

Scott C. Taylor, Deputy Attorneys General, for Plaintiff and Respondent.

In 1994, Manuel Cervantes entered a negotiated guilty plea to committing a lewd act on a child under age 14, a felony (Pen. Code,[1] § 288, subd. (a)), and annoying or molesting a child under age 18, a misdemeanor (§ 647.6). The court suspended imposition of sentence and placed Cervantes on three years' probation on the condition, inter alia, that he serve 180 days in local custody.

Section 4852.01 et seq. sets forth a "Procedure for Restoration of Rights and Application for Pardon." (*People v. Ansell* (2001) 25 Cal.4th 868, 874-875.) The procedure is unavailable to persons convicted of violating section 288. (§ 4852.01, subd. (d).) Nevertheless, in 2013, Cervantes filed a petition for a certificate of rehabilitation and pardon (§§ 4852.01, 4852.06). The San Diego County District Attorney notified Cervantes he was not eligible for relief. In 2014, section 4852.01, subdivision (d), was amended to add to the list of proscribed applicants persons convicted of violating section 288.7 (sexual acts with a child 10 years or younger). (Stats. 2014, ch. 280, § 3.)

In April 2015, Cervantes filed an application for an order to show cause in re: eligibility to petition for a certificate of rehabilitation and pardon. In the application, he asserted he was denied equal protection because he was statutorily barred from relief, while persons convicted of violating section 288.7, and other more egregious offenses, were not barred. In May, the court denied the petition, rejecting the equal protection claim and determining Cervantes was "ineligible to apply for a certificate of

---

[1]    Further statutory references are to the Penal Code unless otherwise specified.

rehabilitation based on the express language of [section 4852.01, subdivision (d)]." The court also cited the 2014 amendment to section 4852.01, subdivision (d).

Cervantes appeals the denial of his petition, contending the court abused its discretion. He argues he filed his petition in 2013, and the 2014 amendment was not retroactive, so the court erred in concluding the amendment had eliminated his equal protection argument.[2] We review this constitutional argument de novo. (*People v. Ramos* (1997) 15 Cal.4th 1133, 1154.)

We grant the People's unopposed request for judicial notice of the legislative history of Assembly Bill Nos. 1844 and 1438. The legislative history demonstrates the purpose of the 2014 amendment to section 4852.01, subdivision (d), was to clarify existing law excluding persons convicted of violating section 288.7 from the section 4852.01 procedure. "[A] statute that merely *clarifies*, rather than changes, existing law does not operate retrospectively even if applied to transactions predating its enactment. We assume the Legislature amends a statute for a purpose, but that purpose need not necessarily be to change the law." (*Western Security Bank v. Superior Court* (1997) 15 Cal.4th 232, 243.)

---

[2] Cervantes also notes that he filed his petition before the California Supreme Court granted review in *People v. Tirey* (Apr. 25, 2014, as mod. May 1, 2014, and May 2, 2014, G048369, review granted Aug. 20, 2014, S219050). The grant of review precludes Cervantes from relying on the Court of Appeal opinion in that case.

DISPOSITION

The order is affirmed.

McCONNELL, P. J.

WE CONCUR:

McINTYRE, J.

AARON, J.